UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARY FORREST ET AL.                                          CIVIL ACTION

VERSUS                                                       NO. 16-2405

UNITED STATES OF AMERICA                                     SECTION A(2)

## ORDER AND REASONS

Before the Court is a **Partial Motion to Dismiss for Lack of Jurisdiction (Rec. Doc. 11)** filed by Defendant United States. Plaintiff opposes the motion. The motion, set for submission on July 27, 2016, is before the Court on the briefs without oral argument.

Plaintiffs in this case bring a wrongful death and survival action to redress the death of Daniel Forrest, Sr., a veteran of the Vietnam War (Rec. Doc. 1). Plaintiff Mary Forrest is his surviving spouse, and Luke Forrest is his son. (*Id.*) Plaintiffs allege that on June 17, 2014, Daniel Forrest had received medical treatment from the U.S. Department of Veterans Affairs ("VA"). (*Id.*) On that date, Daniel Forrest had a "positive nuclear stress test." (*Id.*) Plaintiffs allege that the VA failed to take appropriate action in response to this testing. (*Id.*) Daniel Forrest died some days later on June 26, 2014, of a cardiac dysrhythmia. (*Id.*) Plaintiffs seek monetary damages for the alleged wrongful death of Daniel Forrest as well as damages for Daniel Forrest's pain and suffering. (*Id.*)

In the instant motion, the United States asserts that Plaintiff Luke Forrest did not properly exhaust his administrative remedies before filing this lawsuit. In his opposition, Luke Forrest does not dispute his failure to file an administrative claim. Instead, he asserts that filing a claim would have been futile, as the identical claims filed by his family members were denied by the VA.

The Federal Tort Claims Act (FTCA) provides that before a plaintiff files a tort claim against the United States in federal court, the claimant must first present his claim to the

1

appropriate federal agency. 28 U.S.C. § 2675(a). "The requirement of exhaustion of administrative review is a jurisdictional requisite to the filing of an action under the FTCA." *Gregory v. Mitchell*, 634 F.2d 199, 203-204 (5th Cir. 1981) (citing *Molinar v. United States*, 515 F.2d 246 (5th Cir. 1975)).

"A claim is properly presented within the meaning of § 2675(a) when the agency is given 1) sufficient written notice to commence investigation, and 2) the plaintiff places a value on the claim." *Green v. United States*, 2003 WL 1733520, at *1 (E.D. La. Mar. 31, 2003) (Duval, J.). The notice requirement has been characterized as "minimal." *Id.* (citing *Eskine v. United States*, 1995 WL 495903 (E.D. La. Aug. 18, 2995)). The government needs only "notice of the skeletal facts of the claim sufficient to enable the agency to investigate." *Martinez v. United States*, 728 F.2d 694, 696 (5th Cir. 1984). Courts have found that the notice requirement may be met even when a plaintiff did not file an individual claim. *See e.g., Lightell v. United States*, 1987 WL 15954 (E.D. La. Aug. 19, 1987) (holding that although wife was not listed as a claimant on form submitted by her husband, the form provided adequate notice of her claim because her address was on the form).

In *Transco Leasing Co. v. United States*, the Fifth Circuit faced an issue similar to the instant one. 896 F.2d 1435 (5th Cir. 1990). After a pilot died, his executor, a bank, sought to recover damages on behalf of the pilot's widow and daughter. *Id.* at 1439-40. In the form completed by the bank, the widow's name and address were included, but the widow was not identified as the claimant. *Id.* at 1441. In the space marked for the signature of the claimant, an attorney had signed. *Id.* Further, the daughter was not listed anywhere on the form. *Id.* The district court had concluded that this form did not give the government sufficient notice of the claims of the widow and the daughter. *See id.* at 1444. The Fifth Circuit reversed this decision. *Id.* The court found it significant that the government failed to use the procedure established in 28 C.F.R. § 14.4,

which allows the government to request more information. *Id.* at 1442-43. The court wrote as follows:

> Although we find considerable merit in the government's argument that the burden of identifying qualified claimants should rest with the one presenting claims on another's behalf, and not with the government, we do not find that to be a sufficient basis upon which to bar these claims under the circumstances in this case. The United States did not request that the Bank supplement the information contained in the claim form. Had it done so, and had that information been withheld, we would consider . . . "the effect, if any, a claimant's refusal to comply with an agency's reasonable request for supplemental information to clarify an inadequate claim would have on the issue of jurisdiction."

*Id.* at 1443 (internal citation omitted). Notably, the Fifth Circuit reaffirmed its *Transco* holding in a recent decision. *Pleasant v. U.S. ex rel. Overton Brooks Veterans Admin. Hosp.*, 764 F.3d 445, 450 (5th Cir. 2014) ("[In *Transco*,] . . . we cited with approval the view that 'the administrative claims requirements of the FTCA are "meant to benefit claimants and in no way are designed to preclude them from their day in court." The requirements are "intended to lessen the court case load through fair settlement, not procedural default."'")

The United States has presented no evidence to show that it made a request for more information pursuant to § 14.4. The Court finds that the United States had sufficient information to be on notice and to investigate. Further, the amount claimed here, $1 million, was great enough to put the government on notice that there may be a number of claimants. Lastly, the Court finds that requiring Luke Forrest to file a claim would be an exercise in futility, as his claim would presumably be denied for the same reasons his mother's claim was denied.

The United States further argues that Plaintiffs' claims under 42 U.S.C. § 1981 and § 1983 should be dismissed. Plaintiffs' opposition does not respond to this argument. Because it appears to the Court that the United States' argument has merit, the Court grants the United States' motion with regard to these claims.

Accordingly;

**IT IS ORDERED** that **Partial Motion to Dismiss for Lack of Jurisdiction (Rec. Doc. 11)** is **GRANTED IN PART** and **DENIED IN PART**.

New Orleans, Louisiana, this 1st day of August, 2016

                                                   JUDGE JAY C. ZAINEY
                                         UNITED STATES DISTRICT JUDGE